UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
JULIE E. MALE,

                    Plaintiff,        08-CV-6234

    v.

TOPS FRIENDLY MARKETS,              **DECISION and ORDER**

                    Defendant.
_____

## INTRODUCTION

Plaintiff Julie E. Male ("plaintiff") commenced this employment discrimination action by filing a Complaint in the United States District Court for the Western District of New York on May 29, 2008 against defendant Tops Markets, LLC ("defendant" and/or "Tops"), incorrectly identified as Tops Friendly Markets. Defendant moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) on the basis that plaintiff's claims of disability discrimination, FMLA retaliation and Title VII post-retaliation claim are barred by the doctrine of res judicata. Specifically, defendant argues that plaintiff is asking this Court to re-adjudicate facts and claims that have been fully litigated in a prior action before this Court. Alternatively, defendant argues that plaintiff's Title VII post-retaliation claim also fails to provide defendant with proper notice as required under Rule 8(a)(2). Plaintiff objects to defendant's motion, and claims that the principle of res judicata does not apply because plaintiff's Amended Complaint in the first filed action was never properly

before the Court. In addition, plaintiff contends that she has sufficiently pled post-termination retaliation under Title VII.

For the reasons set forth below, defendant's motion to dismiss is granted and plaintiff's Complaint is dismissed in its entirety with prejudice.

**BACKGROUND**

I.   **Prior Action Filed by Plaintiff**

Plaintiff commenced the initial proceeding against Tops on November 19, 2007 by filing a Complaint with the clerk for the United States District Court, Western District of New York ("Male I").[1] See Affirmation of M. Moldenhauer, Esq. dated June 18, 2008, ¶4, Ex. A ("Moldenhauer Aff"). The Court stated in its April 22, 2008 Decision and Order that the Complaint contained no factual allegations to give a defendant notice of the basis for the action other than broadly alleging that the action was brought pursuant to the American with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA")[2] and for wrongful termination in retaliation for having engaged in protected activity under the ADA. See id., Ex. O. On November 26, 2007, defendant entered a notice of appearance, acknowledged receipt of the Complaint and filed its Answer. See id., Ex. B. On the same day defendant also filed a motion for judgment on the pleadings pursuant to Rule 12(c) seeking dismissal

---

[1] Familiarity with the prior facts and decision is presumed.

[2] Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about June 5, 2006 alleging that defendjant violated the ADA as it related to her employment. The EEOC issued plaintiff a Notice of Right to Sue on August 20, 2007.

2

of the Complaint in its entirety due to Plaintiff's failure to comply with the minimum pleading requirements set forth in Rule 8(a)(2). See id., Exs. C,D,E. Plaintiff thereafter served Tops with a Summons and First Amended Complaint ("Amended Complaint") See id., Ex. J. The Amended Complaint included twelve pages of factual allegations and six separate causes of action including "Violation of the ADA," "Violation of the FMLA," "Retaliation under the FMLA," "Retaliation under the ADA," "Violations of the ADA," and the New York State Human Rights Law ("NYSHRL"). See id. On December 31, 2007, defendant responded to plaintiff's Amended Complaint by filing a Rule 12(b)(6) motion to dismiss claims under the ADA on timeliness grounds. See id., Exs. G,H,I. Further, defendant requested that the Amended Complaint be deemed a nullity because plaintiff did not seek leave of the Court to amend the Complaint as required by Rule 15(a). Plaintiff did not directly oppose both of Tops' motions to dismiss. Rather, she filed a Rule 15(a) motion seeking leave to amend her original Complaint. See id., Exs. K,L,M.

On April 22, 2008, this Court issued a Decision and Order granting defendant's motion for judgment on the pleadings, its motion to dismiss but denied plaintiff's motion to amend. See id., Ex. O. As a result, plaintiff's Complaint and Amended Complaint were both dismissed with prejudice. Judgment was entered by the Clerk of the Court on April 23, 2008. See id., Ex. P. Thereafter

plaintiff filed a Notice of Appeal from the Court's April 22, 2008 Decision and Order. See id., Ex. Q.

## II. Recent Action Filed by Plaintiff

Most recently, on May 29, 2008, plaintiff commenced this action against Tops by filing a Summons and Complaint with the Court ("Male II"). Following the heading in the Complaint entitled "FACTS," plaintiff set forth 80 paragraphs, enumerated 11 through 89. See Docket #1. The substance of paragraphs 11 through 84 of the Male II Complaint is identical to the substance of paragraphs 9 through 64 of the Amended Complaint in Male I, which was dismissed with prejudice by this Court on April 22, 2008. See Moldenhauer Aff., Exs. H and J. Each of those allegations relates to plaintiff's employment with and termination from Tops. See id. The five remaining paragraphs under "FACTS" (¶¶ 85-89) in the Male II Complaint relate to plaintiff's alleged unsuccessful attempts to obtain other employment following her termination from Tops. See Docket #1 ¶¶ 85-89. Paragraph 89 states that "[u]pon information and belief, plaintiff has been unable to gain employment because defendant has given her bad recommendations, in retaliation for having engaged in protected activity, i.e., filing an original EEOC charge and a federal lawsuit." See id., ¶89. Defendant argues that plaintiff does not articulate any grounds for her "information and belief." Nor does plaintiff identify any alleged conduct by defendants that, if proven, would establish a claim of retaliation.

4

Moreover, plaintiff fails to allege that the alleged "bad recommendations" were false, inaccurate or otherwise inappropriate. Instead, plaintiff summarily claims that her inability to find a job is attributable to the defendant. See id.

## DISCUSSION

### I. Motion to Dismiss

A complaint may be dismissed pursuant to Rule 12(b)(6) where the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." See Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1974 (2007). As the Second Circuit has recently stated, Twombly requires that a plaintiff satisfy "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." See Iqbal v. Hasty, 2007 WL 1717803 at *11 (2d Cir.2007)."[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." See Twombly, 127 S.Ct. at 1964. In order to state a claim, the factual allegations contained in the complaint "must be enough to raise a right to relief above the speculative level." See id. at 1965. Where a plaintiff "ha[s] not nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." See id. at 1974.

In deciding a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6), the court's review is limited to the Complaint, and those documents attached to the Complaint or incorporated therein by reference. See Newman & Schwartz v. Asplundh Tree Expert Co., 102 F.3d 660, 662 (2d Cir.1996). The Court must "accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." See Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir.1994), citing Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College, 835 F.2d 980, 982 (2d Cir.1987). However, "bald assertions and conclusions of law will not suffice" to defeat a motion to dismiss. See Reddington v. Staten Island Univ. Hosp., 511 F.3d 126, 126 (2d Cir.2007).

## II. **Plaintiff's Claims are Barred by the Doctrine of Res Judicata**

The doctrine of res judicata, or claim preclusion, provides that "a final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action." See Allen v. McCurry, 449 U.S. 90, 94 (1980) (citations omitted) (emphasis added); LaTrieste Restaurant and Cabaret, Inc. v. Village of Port Chester, 40 F.3d 587 (2d Cir. 1994); see also Woods v. Dunlop Tire Corp., 972 F.2d 36, 38 (2d Cir.1992), *cert. denied*, 506 U.S. 1053 (1992) ("res judicata or claim preclusion `prevents a party from litigating any issue or defense that could have been raised or decided in a previous suit, even if the issue or defense was not actually raised or decided.'"

(quoting Clarke v. Frank, 960 F.2d 1146, 1150 (2d Cir. 1992). The purpose of the doctrine is to provide finality to parties who have come before the courts to resolve their disputes. Accordingly, the doctrine prevents relitigation of claims asserted in a previous action, as well as claims that could have been asserted in that action. See Cromwell v. County of Sac, 94 U.S. 351, 352 (1876)(under the doctrine of res judicata, a judgment entered on the merits in a previous action "is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose").

"It is appropriate to determine whether a complaint is barred by res judicata on a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)." See Gould v. National Westminster Bank, U.S.A., 2000 WL 1339292, *3 (D.Conn.,2000)(citing Southard v. Southard, 305 F.2d 730, 732 & n. 1. (2d Cir.1962). To determine whether or not the doctrine of res judicata applies to preclude litigation, the court must determine whether or not the judgment in the previous action was: "(1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." Stephenson v. Dow Chemical Co., 273 F.3d 249 (2d Cir. 2001)(citing

Anaconda-Ericsson Inc. v. Hessen (In re Teltronics Servs., Inc., 762 F.2d 185, 190 (2d Cir., 1985))

In addition, to determine whether or not claims in the second lawsuit involve "the same cause of action", courts determine whether or not "the same transaction or a connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second [action] were present in the first [action]." See NLRB v. United Technologies, 706 F.2d 1254, 1260 (2d Cir. 1983); see also Salerno v. Leica Inc., 139 F.Supp.2d 377, 383 (W.D.N.Y. 2001) (quoting Interoceanica Corp. v. Sound Pilots, 107 F.3d 86, 90 (2d Cir. 1997) (courts "must look to whether the underlying facts of the two cases are related in time, space, origin, or motivation, whether they would have formed a convenient trial unit, and whether their treatment as a unit would have conformed to the parties expectations").

Here, there is no dispute that the parties to the current litigation were parties to plaintiff's prior lawsuit in Male I. The next issue to be decided is whether a final judgement on the merits was issued by a court of competent jurisdiction in Male I. Defendant argues that the judgment entered in the prior lawsuit by this Court granting defendant's Rule 12(c) and 12(b)(6) motions were on the merits. See Tops' Br. at 9. However, plaintiff argues that the Court did not address the merits of her Amended Complaint in Male I because the Amended Complaint "was never properly before

8

the Court." See Pl. Br. at 9 and 11. Plaintiff essentially claims that the Court must treat her Amended Complaint as though it never existed and as such the proper comparison for res judicata purposes is the original Complaint in Male I and the Complaint in this action. See id. at 12. This is a misapplication of the facts and the law. The Decision and Order entered by this Court on April 22, 2008 granting defendant's Rule 12(c) and Rule 12(b)(6) motions and dismissing plaintiff's Complaint and Amended Complaint with prejudice were clearly final judgments on the merits, issued by a court of competent jurisdiction. Because three of the four factors for applying res judicata have been met, this court need only determine whether or not the action involved "the same cause[s] of action." See NLRB, 706 F.2d at 1260.

Plaintiff's claims in Male II arise from the same claims underlying the Amended Complaint in Male I. Indeed, even a cursory review of the Complaint in this case and the Amended Complaint in Male I reveals that the Amended Complaint has been reused by the plaintiff to commence this action. For instance, a comparison of both pleadings demonstrate that in both actions plaintiff claims that:

    (1)    She began separate medical leaves of absence on November 11, 2005 and December 1, 2005 for Family and Medical Leave Act ("FMLA")-qualifying conditions. *Compare [Male II,* Docket No. 1, ¶¶13-16] *with* [*Male I*, Docket Nos. 9, Exb. B, ¶¶10-11 ]

    (2)    She returned to work from the second condition (bi-polar disorder) with certain medical restrictions. *Compare* [*Male II*, Docket No. 1, ¶¶19-20] *with* [*Male I,* Docket Nos. 9, Exh. B, ¶13]

(3) Upon her return to work, she was refused the job she previously held. *Compare* [*Male II*, Docket No. 1, ¶¶ 21-23] *with* [*Male I*, Docket Nos. 9, Exh. B, ¶¶14-15]

(4) Also upon her return, her manager ignored her medical restrictions and improperly disclosed confidential medical information. *Compare* [*Male II*, Docket No. 1, ¶¶ 24-27] *with* [*Male I*, Docket Nos. 9, Exh. B, ¶¶16-19]

(5) After she returned, she was forced to perform work that aggravated a pre-existing back condition. *Compare* [*Male II*, Docket No. 1, ¶¶ 28-45] *with* [*Male I*, Docket Nos. 9, Exh. B, ¶¶20-34]

(6) When she became injured as a result of such work, her co-workers refused to fill out an injury report and she continued to be denied necessary accommodations. *Compare* [*Male II*, Docket No. 1, ¶¶46-60, 75-77] *with* [*Male I*, Docket Nos. 9, Exh. B, ¶¶34-47, 57-58]

(7) She was constructively discharged on July 23, 2007. *Compare* [*Male II*, Docket No. 1, ¶¶ 61-74, 79-84] *with* [*Male I*, Docket Nos. 9, Exh. B, ¶¶48-56, 59-64]

See Tops' Br. at 8; see also Moldenhauer Aff., Exh. J.

The claims in this case, involving disability discrimination and FMLA retaliation,[3] arise out of the same facts alleged in the prior action, and arise out the same transactions and occurrences that were alleged in the prior proceeding. Plaintiff, in each action asserts claim under the FMLA based on defendant's alleged conduct after her request for medical leaves of absence. In the prior proceeding, plaintiff classifies this conduct as FMLA retaliation. However, in this current action, plaintiff converts this same cause of action into two claims of unlawful interference with her exercise of FMLA rights and FMLA retaliation. Further, plaintiff asserts in both Male I and Male II that she was subject

---

[3] See Plaintiff's ¶¶95-109, which is plaintiff's second through fourth causes of action in Male II.

10

to disability discrimination, refused disability related accommodations, retaliated against in response to her request for accommodations, and constructively discharged. In Male I, these causes of action were presented as ADA and NYSHRL violations. However, in Male II, they are alleged solely as NYSHRL violations. The fact that plaintiff is asserting a new legal theory as a basis of recovery is of no moment, as "[n]ew legal theories do not amount to a new cause of action so as to defeat the application of the principle of res judicata." See In re Teltronics Servs., Inc., 762 F.2d at 193. Accordingly, I find that plaintiff's second, third and fourth causes of action are barred by the doctrine of res judicata.

Plaintiff argues however that application of res judicata is not warranted due to the Court's finding in Male I that "[t]he conduct asserted in the Amended Complaint does not arise out of the same 'conduct, transaction, or occurrence' set forth in the original complaint." See Pl. Br. at 11. Plaintiff misinterprets the Court's April 22, 2008 Decision and Order and improperly cites this portion of the decision to support her argument regarding the inapplicability of the res judicata doctrine. The Court's focus in Male I was whether defendant had notice of the claims in the Amended Complaint pursuant to Rule 15(c) and relation back purposes and not whether the claims in plaintiff's pleadings were distinct in time, space, origin and motivation, and arose from isolated transaction or were in any other way sufficiently independent to

11

avoid the effects of res judicata.[4] See Interoceana 107 F.3d at 90. Accordingly, in Male I defendant did not argue and this Court did not conclude that the causes of action in the Complaint and the Amended Complaint involved a separate transaction or series of transactions for res judicata purposes.[5] Thus, plaintiff's Second, Third and Fourth Causes of Action are dismissed with prejudice.

The sole cause of action which was not present in plaintiff's prior Amended Complaint that is included in this Complaint is a Title VII retaliation claim based on events occurring after her employment with defendant ended. Plaintiff argues that her Title VII post retaliation claim should not be barred by res judicata because they did not arise until after the motions to dismiss had been filed in Male I as evidence by plaintiff's EEOC charge regarding such claims which she filed on April 14, 2008, just eight days prior to the Court's April 22, 2008 Decision and Order. See Pl. Br. at 12. In addition, plaintiff argues that she did not receive her Notice of Right to Sue until May 27, 2008, which was after the Court granted defendant's motions. See id. Defendant contends that the unlawful conduct alleged by plaintiff supposedly started prior to plaintiff filing Male I, making it possible for her to include a retaliation claim in the previous litigation. See

---

[4]In Male I, Tops argued that for purposes of relation back doctrine, the claims alleged in the Amended Complaint could not be said to arise "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading ...." See Tops Reply Br. at 4-5.

[5]The complete language in the proper context of the April 22, 2008 Decision and Order states: "The conduct asserted in the Amended Complaint does not arise out of the same 'conduct, transaction, or occurrence' set forth in the original complaint, since the Complaint contains no factual allegations to establish the conduct, transaction or occurrence upon which plaintiff is seeking relief." See Moldenhauer Aff., Ex. O, pp. 14-15.

Tops Br at 10. Accordingly, defendant argues that plaintiff could have pursued such a claim in Male I between the parties and is now foreclosed from asserting it in this current lawsuit. See id.

"The doctrine of res judicata, or claim preclusion, holds that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised in that action*.'" See Monahan v. New York City Dept. of Corrections, 214 F.3d 275, 284-285 (2d Cir. 2000) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)) (emphasis added). Further, a claim has identity with a previously litigated matter if it emerges from the same "nucleus of operative facts" as that earlier action. See Waldman v. Village of Kiryas Joel, 207 F.3d 105, 108 (2d Cir. 2000). Two claims are one for the purposes of res judicata if they are based on the same, or nearly the same, factual allegations. In deciding this issue, the Court considers such factors as whether the facts are related in time, space, origin, or motivation; whether they form a convenient trial unit; and whether their treatment as a unit conforms to the parties' expectations. See Waldman, 207 F.3d at 108; see also Interoceania, 107 F.3d at 90.

Here, both actions were brought upon the same set of facts and Male II would necessarily involve the same proof, same witnesses and the same record as Male I. There is no question that the actions should have (and could have) been brought as a single unit. By alleging related, even if not identical claims, in separate actions, plaintiff has disregarded judicial economy. Plaintiff claims in her Complaint in Male II that defendant gave her "bad

13

recommendations" in retaliation for her June 5, 2006 EEOC charge and because she commenced Male I. According to plaintiff's Amended Complaint in Male I and the current Complaint in Male II, she was constructively discharged on July 23, 2007. See Docket 1, ¶84. Plaintiff filed her Complaint in Male I on November 19, 2007 and according to plaintiff filed the Amended Complaint sometime in January 2008.[6] From July through November 2007, when plaintiff filed the original Complaint, plaintiff alleges unlawful conduct by defendant. Accordingly, the alleged unlawful conduct began prior to plaintiff filing Male I, making it possible for plaintiff to include a post-retaliation claim in the prior litigation. Plaintiff, thus, could have pursued such a claim in the prior action between the same parties. See Monahan, 214 F.3d at 285. Further, plaintiff's EEOC charge dated April 14, 2008, which plaintiff did not mention or which plaintiff failed to allege in her current Complaint in Male II, demonstrates that any alleged unlawful retaliation began before plaintiff filed her lawsuit in Male I and could have been brought in the first action. See id. Thus, plaintiff's Title VII retaliation claim is also dismissed with prejudice.[7]

---

[6] Plaintiff and defendant have had a continuing dispute as to the date the Amended Complaint was filed in Male I. For purposes of this motion, it is irrelevant as to when the exact date the Amended Complaint was filed.

[7] Tops also argues in the alternative that plaintiff's Title VII retaliation claim must also be dismissed because she has not satisfied Rule 8(a)(2)'s minimum pleading requirements. The Court need not address Tops' alternative argument as it is deemed moot.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss is granted. Plaintiff's Complaint is dismissed with prejudice in its entirety.

**ALL OF THE ABOVE IS SO ORDERED.**

                                            s/Michael A. Telesca
                                              MICHAEL A. TELESCA
                                      United States District Judge

Dated:    Rochester, New York
           September 15, 2008