UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
JULIE E. MALE,

                       Plaintiff,                  08-CV-6234

      v.

                                                  **DECISION and**
TOPS MARKETS, LLC,                               **ORDER**

                      Defendant.
_____

## **INTRODUCTION**

Plaintiff, Julie E. Male ("Plaintiff"), commenced this action on May 29, 2008, alleging post-termination retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq.* ("Title VII") and violations of the Family and Medical Leave Act, 29 U.S.C. §§2601 *et seq.* ("FMLA"), American's with Disabilities Act, 42 U.S.C. §§12101 *et seq.* ("ADA") and the New York Human Rights Law, N.Y. Executive Law §§290 *et seq.* ("NYHRL"). This case is Plaintiff's second attempt to pursue claims related to her employment by the Defendant, Tops Markets, LLC ("Defendant").[1] This Court must now decide whether Plaintiff's claim for retaliation under Title VII is sufficient to withstand Defendant's

---

[1] Familiarity with the facts of the case and this Court's previous decisions is presumed. Only those facts pertinent to this decision will be repeated. Plaintiff's first action ("Male I") was dismissed because her initial complaint failed to give Defendant notice pursuant to Rule 8 of the Federal Rules of Civil Procedure and the claims asserted in her amended complaint were untimely. Plaintiff appealed that decision and commenced this lawsuit ("Male II") while her appeal in Male I was still pending. The Court of Appeals for the Second Circuit subsequently dismissed Plaintiff's appeal in Male I for her repeated failure to comply with the rules of the Court. See Male v. Tops Markets, LLC, 2009 WL 4249847 (C.A.2 (N.Y.)).

motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and, if not, whether Plaintiff should be granted leave to amend her complaint.[2] For the reasons set forth below, this Court finds that Plaintiff has not sufficiently plead a cause of action for Title VII post-termination retaliation and her complaint is dismissed with leave to amend.

**DISCUSSION**

Fed. R. Civ. P. 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ...claim is and the grounds upon which it rests.'" See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 127 S.Ct. 1955, 1964 (2007). (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). When a defendant tests the sufficiency of a complaint by a motion under either Rule 12(b)(6) or Rule 12(c), "[t]o survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the

---

[2] In a Decision and Order dated September 15, 2008, this Court dismissed Plaintiff's complaint in Male II with prejudice as her claims under the ADA, FMLA and NYHRL were raised in Male I and were thus barred by *res judicata*. Additionally, this Court dismissed her Title VII claim because she could have but did not bring this claim in the first lawsuit. Plaintiff appealed this decision and the Second Circuit affirmed this Court's decision with respect to her ADA, FMLA and NYHRL claims and vacated and remanded the case with respect to Plaintiff's Title VII claim. See Male v. Tops Markets, LLC, 2009 WL 4249847 (C.A.2 (N.Y.)). Specifically, the court held that Plaintiff's post-termination retaliation claim under Title VII was not barred because it arose out of events that occurred after she filed the first lawsuit. Id. The case was remanded to this Court to consider whether Plaintiff's Title VII claim was sufficiently pleaded and whether leave to amend the complaint should be granted. Id.

2

speculative level.'" See ATSI Comm., Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir.2007) (quoting Twombly, 127 S.Ct. at 1965). The complaint must plead facts sufficient "to state a claim for relief that is plausible on its face." Twombly, 127 S.Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal citations and quotations omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

Additionally, In deciding a motion to dismiss under Rule 12(b)(6), a court must "accept...all factual allegations in the complaint and draw...all reasonable inferences in the plaintiff's favor." See Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir.2008) (internal quotation marks omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide

3

the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007) (internal quotation marks omitted). Thus, "at a bare minimum, the operative standard requires the 'plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level.'" See Goldstein v. Pataki, 516 F.3d 50, 56-57 (2d Cir.2008) (quoting Twombly, 127 S.Ct. at 1974).

A.   Title VII Claim of Retaliation

Title VII forbids an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin...." 42 U.S.C. §2000e-2(a). To establish a prima facie case for post-termination retaliation under Title VII a plaintiff must establish that (1) she was engaged in a protected activity, (2) the employer was aware of the activity, (3) an action adverse to the Plaintiff's employment occurred, and (4) there was a causal connection between the protected activity and the adverse action. See McMenemy v. City of Rochester, 241 F.3d 279, 282-3 (2d Cir. 2001). A claim for post-termination retaliation based on a negative reference requires that Plaintiff establish that the negative reference was an "adverse action." See Jute v. Hamilton Sunstrand Corp., 420 F.3d 166 (2d Cir. 2005). In Jute,

4

the Second Circuit found that a <u>false</u> statement made by a former employer to a prospective employer could be considered an adverse action under Title VII, but generally "there exist no bright-line rules" in this area. <u>Id</u>. At 178.

Plaintiff's complaint contains the following factual allegations related to her claim for post-termination retaliation under Title VII: (1) Plaintiff filed a complaint in the United States District Court for the Western District of New York on November, 19 2007; (2) Plaintiff applied for more than 100 jobs, but was not hired; (3) Plaintiff "interviewed well" and was told she would be "called back," but was not called back; and (4) "Upon information and belief, Plaintiff has been unable to gain employment because defendant has given her bad recommendations, in retaliation for having engaged in protected activity...." <u>See</u> Docket #1 ¶¶86-89.[3]

---

[3] Although review of a 12(b)(6) motion is typically limited to the pleadings, the Court may consider documents and attachments that are referenced in the complaint, documents and attachments that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or were known to the plaintiff when bringing suit. <u>See</u> <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 153 (2d Cir. 2002); <u>see also</u> <u>Taylor v. Vermont Dep't of Educ.</u>, 313 F.3d 768, 776 (2d Cir. 2002); <u>Kramer v. Time Warner, Inc.</u>, 937 F.2d 767, 773 (2d Cir. 1991). Plaintiff has submitted the affidavit of Sheneiqua Shine in support of her claim that she has sufficiently plead a cause of action for post-termination retaliation. <u>See</u> Docket #22-2. Because this document was not referenced in the complaint, was not relied on by Plaintiff in bringing suit and was not in Plaintiff's possession or known to her when bringing suit, as it is dated December 2009, this Court declines to consider this affidavit in deciding whether Plaintiff's claim is sufficiently plead. Additionally, this Court notes that the affidavit, while submitted under penalty of perjury, is unreliable, as it merely states that Shine, Plaintiff's friend, called Tops on an unknown date at an unspecified time and spoke to an unspecified person and told them she was an employer seeking to hire Plaintiff. Under this pretense, Shine asked whether Tops would recommend

The factual allegations in Plaintiff's complaint are insufficient to support any claim for relief under Title VII's anti-retaliation provisions. First, Plaintiff has not alleged discrimination on the basis of race, color, religion, sex, or national origin. While Plaintiff need not prove that actual discrimination has occurred to recover under Title VII's anti-retaliation provision, she must at least allege that she was engaged in protected activity "by opposing a practice made unlawful by Title VII." See Galdieri-Ambrosini v. National Realty & Development Corp., 136 F.3d 276, 292 (2d Cir. 1998)(emphasis added). Plaintiff must show that she "possessed a good faith, reasonable belief that the underlying employment practice was unlawful under [Title VII]." Id. Plaintiff's complaints of discrimination in Male I and Male II centered around her ADA claim for employment discrimination based on a disability. While Courts apply the same legal framework to Title VII and ADA claims for retaliation, the statutes are separate and distinct statutory schemes. See Sarno v. Douglas Elliman-Gibbon & Ives, Inc, 183 F.3d 155, 159 (2d Cir. 1999); 42 U.S.C. §2000e-3(a); 42 U.S.C. §12203(a). To establish a claim for post-termination retaliation under Title VII, Plaintiff would have to allege facts sufficiently plausible to show that she was engaged in a protected activity (for

---

Plaintiff. The unidentified Tops employee said that Plaintiff had been a good employee for the first few years, but later was late or missed work due to her personal and medical issues.

6

example, the filing of the EEOC complaint or this lawsuit), in an attempt to protect her rights under Title VII.  Plaintiff's complaint does not contain any facts that would even suggest that she was attempting to protect her rights under Title VII, rather, she was attempting to protect her rights under the ADA, FMLA and NYHRL.

Additionally, Plaintiff has not supplied any facts that would sufficiently support the remaining elements of a post-termination retaliation claim under Title VII or the ADA, other than her own conclusory statements. The fact that Plaintiff was denied employment by several prospective employers and the fact that she believes Defendant may have given her a bad recommendation does not, by itself, amount to a plausible claim for post-termination retaliation.  Defendant argues, and this Court agrees, that Plaintiff has not provided facts to support her claim that Defendant gave her an unwarranted negative reference, based on information that was false or that would otherwise amount to an adverse action.  She also has not provided facts that could show that the alleged negative references are causally connected to the protected activity.  Plaintiff does not state when the alleged negative recommendation occurred or who solicited the recommendation.  She also does not state whether any recommendation contained false statements or statements that would appear to be in violation of Title VII's anti-retaliation provisions.  While there

7

is no "bright-line" rule to determine whether negative reference would amount to an adverse action, the Plaintiff must supply enough facts for the Defendant to be on notice of the circumstances of the adverse action that underlies her claim. On the facts presented, the Defendant cannot be said to be on notice, as is required under Rule 8 of the Federal Rules of Civil Procedure, of the factual circumstances that underlie the Plaintiff's claim. This Court also notes that, while Plaintiff may maintain an action under Title VII based on a negative reference, Defendant is not required to give plaintiff a good recommendation to protect itself from Title VII claims. Defendant must only refrain from giving a bad recommendation in retaliation for the Plaintiff's engaging in a protected activity. Here, Plaintiff has failed to provide any facts that could support her claim that any negative reference was causally connected to any protected activity. Plaintiff cannot survive a motion to dismiss by simply stating that the bad recommendation was causally connected to the protected activity, she must also provide facts that plausibly support this claim (for example, that the negative recommendation occurred shortly after the proceeding began, or that the Defendant made a reference to the proceeding in a way that reflected poorly on the Plaintiff). Therefore, because Plaintiff has not presented a plausible claim for relief under Title VII, her claim for post-termination retaliation is dismissed.

B.   Leave to Amend

Rule 15 of the Federal Rules of Civil Procedures ("Rule 15") provides that a court may grant leave to amend a pleading and such leave "shall be freely given when justice so requires." Fed. R. Civ. Proc. 15. The Supreme Court has held that "mere technicalities" should not prohibit a court from allowing a party to amend a pleading so that a claim can be decided on its merits. Forman v. Davis, 371 U.S. 178 (1962). Rather, absent evidence of undue delay, bad faith, undue prejudice, dilatory motive or futility, a party should be granted the opportunity to correct any deficiencies in the complaint. Id. at 182. The Defendant argues that this Court should deny leave to amend as futile, because any amendment would be barred by the statute of limitations as Plaintiff's complaint is so lacking in factual allegations that any amendment could not be said to arise out of the same transaction or occurrence pursuant to Rule 15(c), and thus could not relate back to the date of the original complaint. See Docket #19 at 11. Defendant cites this Court's decision in Male I for the proposition that Plaintiff's claims in any amended complaint could not relate back to the date of her original complaint because she did not allege sufficient facts upon which the claim could relate back. However, Plaintiff's complaint in Male I was largely blank and contained only the allegation that she was wrongfully terminated. While this Court cannot say that Plaintiff's complaint is

9

sufficient to state a claim upon which relief can be granted, it is not so insufficient that an amended pleading could not relate back for the purpose of the statute of limitations, such that allowing the amendment would be futile. The Plaintiff, however, has not yet provided this Court with an amended pleading, and therefore, this Court cannot determine whether the facts Plaintiff presents in any amended pleading will relate back for the purpose of Rule 15(c) and the statute of limitations. Therefore, this Court grants Plaintiff the opportunity to amend her pleading with respect to her claim for post-termination retaliation. If Plaintiff chooses to file an amended complaint, this Court will then determine whether the claim will relate back pursuant to Rule 15(c) for the purpose of determining whether the amended pleading is timely. Therefore, Plaintiff's complaint is dismissed, however with leave to amend.

**ALL OF THE ABOVE IS SO ORDERED.**

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         October 29, 2010