UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JULIE E. MALE,

                          Plaintiff,              08-CV-6234

            v.
                                          **DECISION and**
TOPS MARKETS, LLC,                        **ORDER**

                          Defendant.
_____

## INTRODUCTION

This is Plaintiff, Julie E. Male's ("Plaintiff") second attempt to pursue claims based on her employment by the Defendant, Tops Markets, LLC ("Defendant"). Plaintiff's first action ("Male I") was dismissed because her initial complaint was insufficient and therefore, it failed to give Defendant notice pursuant to Rule 8 of the Federal Rules of Civil Procedure. See Affirmation of Mark A. Moldenhauer, Esq., dated March 8, 2010, ¶3 ("Moldenhauer Aff.")(Docket #30-1). Plaintiff filed an Amended Complaint in Male I, but this Court found that the Amended Complaint was untimely. Id. at ¶6. Plaintiff appealed that decision and commenced this lawsuit ("Male II"), while her appeal in Male I was still pending. Id. ¶¶ 6,7. The Court of Appeals for the Second Circuit subsequently dismissed Plaintiff's appeal in Male I for her repeated failure to comply with the rules of the Court. See Male v. Tops Markets, LLC, 354 Fed. Appx. 514, 2009 WL 4249847, **2 (2d Cir. 2009).

1

Plaintiff's initial Complaint in this action, Male II, was also dismissed by this Court On September 15, 2008, because Plaintiff's pre-termination claims under the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"), American's with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA") and the New York Human Rights Law, N.Y. Executive Law §§ 290 *et seq.* ("NYHRL") were barred by the principals of *res judicata*, as Plaintiff had previously raised these claims in Male I, which was dismissed with prejudice. See Moldenhauer Aff. ¶12. The Second Circuit upheld this determination, but vacated this Court's dismissal of Plaintiff's claim for post-termination retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and remanded the case to this Court to determine whether Plaintiff had adequately plead this claim in the first instance and, if not, whether to grant Plaintiff leave to amend. See Male v. Tops Markets, LLC, 2009 WL 4249847 (2d Cir. 2009).

In a Decision and Order dated October 29, 2010, this Court found that Plaintiff had not plausibly stated a claim for post-termination retaliation under Title VII, and afforded Plaintiff the opportunity to amend the Complaint to properly assert her claims for post-termination retaliation. (Docket # 27.) The Court did not specify under what statutory scheme the claims must be plead, rather it left the door open for Plaintiff to plead any plausible claim of post-termination retaliation.  Plaintiff filed an Amended

2

Complaint on November 22, 2010 and now asserts claims for post-termination retaliation under the ADA, FMLA and NYHRL.[1]  Plaintiff specifically claims that Defendant unlawfully retaliated against her after she filed discrimination complaints with the Equal Employment Opportunity Commission ("EEOC") and in this Court, by providing negative references to prospective employers. See Compl. ¶¶ 82-100.

Defendant now moves to dismiss the Amended Complaint pursuant to Rules 12(f) and 12(b)(6) of the Federal Rules of Civil Procedure. (Docket ## 28, 29).  Defendant contends that Plaintiff exceeded this Court's Order granting her leave to amend the Complaint and therefore, this Court should grant its Motion to Strike the entire Amended Complaint.  As explained above, this Court does not find that Plaintiff exceeded this Court's Order granting leave to amend the Complaint.  Accordingly, Defendant's Motion to Strike is denied.

Defendant alternatively argues that Plaintiff's Amended Complaint fails to state a plausible claim for post-termination retaliation under the ADA, FMLA or NYHRL and that Plaintiff's

---

[1] Plaintiff's Amended Complaint also includes factual allegations relating to her previously dismissed claims for pre-termination discriminatory conduct, for which she was not granted leave to amend by this Court. See Compl. ¶¶ 11-81. However, Plaintiff has clarified in her Memorandum of Law opposing Defendant's Motion to Dismiss, that she included such allegations as background evidence only, and is not now alleging additional claims based on conduct that occurred prior to her termination. (Docket #33-1 at 14-15.).  Accordingly, to the extent Plaintiff sought to raise a claim relating to conduct that occurred prior to her termination, she has now abandoned any such claim.

claims are untimely.  For the reasons set forth below, this Court denies Defendant's motions.

<u>**BACKGROUND**</u>

Familiarity with the facts of the case and this Court's previous decisions is presumed and only those facts pertinent to this decision are repeated here.  The Amended Complaint contains the following, non-conclusory allegations relevant to Plaintiff's post-termination retaliation claims: (1) Plaintiff claims she had certain disabling conditions and that she took FMLA protected leave while employed by the Defendant; (2) Plaintiff filed discrimination complaints with the EEOC in 2006, on August 14, 2008 and in this Court on November 19, 2007 and May 29, 2008; (3) Plaintiff applied for more than 100 jobs, "interviewed well, and was told she would be 'called back,'" but she was not hired; (4) Plaintiff learned that "a call was made regarding 'what kind of employee' she had been, and [would be];" (5) Plaintiff states that the call occurred between the hours of 3 and 6 p.m., on an unspecified date; (6) A "manager or supervisor" of the Defendant told the caller that Plaintiff "was a good employee for the first couple of years," but thereafter "Plaintiff began having 'personal problems' that spilled over into her professional life...[and] Plaintiff 'missed and was late to work a lot because of her personal and medical issues.'" <u>See</u> Compl. at ¶¶ 13-17, 82-100.

## DISCUSSION

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." See Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). The Court "'must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party.'" See Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co., 517 F.3d 104, 115 (2d Cir.2008) (quoting Gorman v. Consol. Edison Corp., 488 F.3d 586, 591-92 (2d Cir.2007)). However, the court may disregard a plaintiff's "legal conclusions, deductions or opinions couched as factual allegations." See, e.g., In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir.2007) (citation omitted).

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." See Twombly, 550 U.S. at 579. The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." See id. at 569. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to

support the claims." See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

A. Plaintiff's Negative Reference Claims

Plaintiff's claims for post-termination retaliation under the ADA, FMLA and the NYHRL require that Plaintiff plausibly state facts in support of the following elements: (1) Plaintiff participated in a protected activity known to the Defendant; (2) Plaintiff experienced an adverse employment action; and (3) a causal connection between the protected activity and the adverse action. See Holt v. KMI-Continental, Inc., 95 F.3d 123, 130 (2d Cir. 1996); see also Perry v. NYSARC 2011 WL 2117950 (2d Cir. 2011)(citing Holt and applying the evidentiary standard developed in Title VII cases to cases under the ADA and FMLA); See Weissman v. Dawn Joy Fashions, Inc., 214 F.3d 224, 234 (2d Cir. 2000)(applying the same standards to a retaliation claim under the ADA and NYHRL).

It is undisputed that Plaintiff engaged in ADA and FMLA protected activities by taking FMLA protected leave, by filing a discrimination charge with the EEOC in 2006 and on August 14, 2008, and by filing two separate law suits in this Court, on November 19, 2007 and May 29, 2008. Accordingly, the issues are whether the Plaintiff has plausibly alleged in her Amended Complaint that she was subjected to an adverse action based on a negative reference and whether the alleged negative reference is causally related to

the protected activity.

Defendant argues that Plaintiff has not cured these deficiencies in her Amended Complaint. Specifically, Defendant argues that Plaintiff has not alleged facts to plausibly support her claim that the alleged negative reference was an "adverse action." See Def. Mem. of Law at 11-12. Defendant further contends that Plaintiff has not alleged facts to support causation, as she does state when the alleged negative reference occurred in relation to the protected activities; and because in order to allege causation through temporal proximity, the alleged events must occur "very close" in time. Id. at 13 (citing) Clark County School Dist. v. Breeden, 532 U.S. 268, 273 (2001).

This Court finds that Plaintiff's allegations, at least at the pleading stage, are sufficient to support her claims for post-termination retaliation. This Court notes that Plaintiff is not required to prove her claims at this point, she is only required to state facts which support a "plausible" claim for relief.

Plaintiff alleges that the Defendant, when asked about Plaintiff's employment history, stated that Plaintiff "was a good employee for the first couple of years," but thereafter "Plaintiff began having 'personal problems' that spilled over into her professional life...[and] Plaintiff 'missed and was late to work a lot because of her personal and medical issues.'" See Compl. at ¶¶ 82-100. This Court finds these facts, when taken as true and

viewed in the light most favorable to the Plaintiff, plausibly state that the negative reference was an "adverse action."

First, the alleged statement negatively refers to the Plaintiff's absences due to her "medical issues."  A reasonable inference is that the Defendant was referring to absences which Plaintiff allegedly took under the FMLA or because of her alleged disability.  It is reasonable that such a statement to a prospective employer would negatively affect a person's ability to secure employment, and that the possibility of an employer uttering such a statement would discourage an employee from exercising his or her rights under the ADA, FMLA or NYHRL. See Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53, 57 (2006)("In the present context [materially adverse] means that the employer's actions must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination."); see also Jute v. Hamilton Sundstrand Corp., 420 F.3d 166, 178 (2d Cir. 2005)(holding that a former employer's false statement to a prospective employer, that he could not discuss the plaintiff because she "had a lawsuit pending," was sufficient for a reasonable jury to conclude that plaintiff was the victim of a retaliatory reference).  While the statement that Plaintiff took absences due to her personal and medical issues may have been true, if Plaintiff can prove the Defendant made such a statement to a prospective employer in retaliation for the Plaintiff's exercising

her rights under the FMLA or the ADA, such a statement may violate the anti-retaliation provisions of the ADA, FMLA and NYHRL.

Defendant makes several other arguments relating to the factual content of the alleged negative reference, for example, that Plaintiff has not stated that the alleged caller was actually a prospective employer. This Court, citing <u>Jute</u>, has previously stated that there are "no bright-line rules" for determining whether a negative reference amounts to an adverse employment action. <u>See</u> October 29, 2010 Decision and Order, Docket #25. In <u>Jute</u>, the Second Circuit also stated that "courts must pore over each case to determine whether the challenged employment action reaches the level of adverse." <u>See</u> <u>Jute</u>, 420 F.3d at 178 (quoting <u>Wanamaker v. Columbian Rope Co.</u>, 108 F.3d 462, 466 (2d Cir.1997)). Accordingly, the issue is highly factual; and, as Plaintiff plausibly states that the alleged negative reference could amount to an adverse action, this Court finds Defendant's factual arguments unavailing and that dismissal is inappropriate at this stage.

With respect to the issue of causation, Defendant correctly argues that Plaintiff has not plausibly alleged a temporal proximity between the protected activities and the alleged negative references, because she has not alleged sufficient facts for this Court to determine when the latter occurred.  However, Plaintiff may allege causation through facts other than temporal proximity.

9

See Perry v. NYSARC, Inc., 2011 WL 2117950, *3 (2d Cir. May 27, 2001).  And, when viewed in the light most favorable to the Plaintiff, this Court finds that Plaintiff has plausibly alleged a causal connection.

The FMLA protects an employee's right to be free from retaliation for taking temporary absences from work for serious health conditions. See 29 U.S.C. § 2601(a)(4).  The ADA protects an employee's right to be free from discriminatory retaliation based on that person's disability. See 42 U.S.C. § 12182(a). Plaintiff alleges that she exercised her rights under the FMLA and later filed discrimination charges in an attempt to protect her rights under both the FMLA and ADA based on certain health conditions. Defendant's negative referrence to her absences related to "medical issues" when discussing her attributes as an employee, is sufficient for this Court to infer, at least at the pleading stage, that the Plaintiff's exercise of her rights under these statutes is causally connected to the negative reference. As this Court noted in its October 29, 2010 Decision and Order, Plaintiff may plausibly state the element of causation by alleging "that the negative recommendation occurred shortly after the proceeding began, *or that the Defendant made a reference to the proceeding in a way that reflected poorly on the Plaintiff*." (Docket #25 at 8)(emphasis added).  While not commenting on the strength of Plaintiff's case with respect to this element, this Court finds that it is

sufficiently plausible to infer causation at the pleading stage.

B. Statute of Limitations

Defendant also argues that Plaintiff's claims are barred by the applicable statutes of limitations. With respect to Plaintiff's ADA claim, Defendant argues that Plaintiff's Amended Complaint was filed more than 90 days after Plaintiff received a notice of right to sue from the EEOC. See Def. Mem. of Law at 14. However, as the parties do not dispute that Plaintiff filed the initial Complaint under Title VII within the applicable 90 day period, the fact that her allegations now fall under a different statutory scheme do not make her claims untimely.

Rule 15(c) of the Federal Rules of Civil Procedure states that "an amendment of a pleading relates back to the date of the original pleading when ... the claim ... asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth *or attempted to be set forth* in the original pleading...." (emphasis added). Here, the factual allegations are essentially the same, except for the fact that Plaintiff has now included sufficient factual allegations for this Court to determine that she has stated a plausible claim for relief and she has alleged such claims under the ADA, FMLA and NYHRL. See Stevelman v. Alias Research Inc., 174 F.3d 79, 86-87 (2d Cir. 1999)("Under Fed.R.Civ.P. 15(c), the central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the

11

opposing party within the statute of limitations by the general fact situation alleged in the original pleading....Where no new cause of action is alleged, as here, this Court liberally grants relation back under Rule 15(c).")(internal citations and quotations omitted).  In this case, Defendant was generally aware of the factual circumstances that gave rise to Plaintiff's claims, that she was given bad recommendations in retaliation for engaging in a protected activity.  While Plaintiff's initial Complaint did not state a plausible claim for relief, it was sufficient for the allegations in her Amended Complaint to relate back for the purposes of Rule 15(c).

With respect to Plaintiff's claims under the FMLA, defendant correctly points out that the presumptive statute of limitations for such an action is 2 years. See 29 U.S.C.A. § 2617(c).  However, Plaintiff argues that Defendant's actions were "willful" and therefore, they are subject to a 3 year limitations period pursuant to 29 U.S.C.A. § 2617 (c)(2).  The Second Circuit has stated that under the FMLA "an employer acts willfully when he or she knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [statute]." See Porter v. New York University School of Law, 392 F.3d 530, 532 (2d Cir. 2004). Based on the facts as stated in the Complaint, it is plausible that Defendant's actions were willful.  Accordingly, this Court finds that a decision on this issue is more appropriate following discovery.

Therefore, this Court denies Defendant's motion to dismiss Plaintiff's FMLA claim as untimely, without prejudice to renew following discovery on this issue.

## CONCLUSION

For the reasons set forth above, this Court denies Defendant's Motion to Dismiss and Motion to Strike.  Defendant's Motion to Dismiss Plaintiff's claim for retaliation under the FMLA as untimely is denied without prejudice to renew.


**ALL OF THE ABOVE IS SO ORDERED.**



                                        s/ Michael A. Telesca
                                        MICHAEL A. TELESCA
                                        United States District Judge


Dated:     Rochester, New York
           June 13, 2011