```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

JULIE E. MALE,

                       Plaintiff,                08-CV-6234

      v.

TOPS MARKETS, LLC,                            **DECISION and ORDER**

                       Defendant.

_____

## INTRODUCTION

Plaintiff, Julie E. Male ("Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"), the American's with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), and the New York Human Rights Law, N.Y. Executive Law §§ 290 *et seq.* ("NYHRL"), alleging that the defendant, Tops Markets, LLC ("Defendant" or "Tops"), retaliated against her by providing negative references to prospective employers. Defendant now moves for summary judgment, arguing that Plaintiff has not established a prima facie case of retaliation and that there are no material issues of fact. Plaintiff opposes Defendant's motion contending that there are material issues of fact and that she has presented circumstantial evidence of retaliation which is sufficient to withstand summary judgment. For the reasons discussed herein, Defendant's motion for summary judgment is granted.

1

## BACKGROUND

The following facts are taken from the parties' submissions pursuant to Local Rule 56(a) and the entire record and are viewed in the light most favorable to the Plaintiff. Plaintiff was employed by Tops from 1997 through early 2006.[1] Following her employment with Tops, Plaintiff applied for over one thousand (1000) jobs and interviewed with several local businesses, but she initially did not have success finding employment. The record indicates that Plaintiff has, however, held several jobs since her departure from Tops. For example, Plaintiff worked at Rochester General Hospital from July 2007 through September 2007.

Based on her relative lack of success in finding a job, in March or April 2008, Plaintiff requested that her friend, Sheneiqua Shine, call her former manager at Tops, Gail Kaiser, posing as a prospective employer, to request a recommendation. Kaiser informed Shine that Plaintiff was a good employee for the first few years until her "personal problems spilled over into her professional life." She further stated that Plaintiff missed or was late to work due to "personal and medical issues."

---

[1] The Defendant states that Plaintiff began a medical leave in early 2006, from which she did not return, but Plaintiff contends that she was constructively discharged due to the "intolerable conditions" at Tops. Pl. Response to Def. Local Rule 56(a)(1) Statement ¶5. However, the facts and arguments Plaintiff presents relating to the time during which she worked at Tops are not relevant to this dispute. Any pre-termination claims plaintiff may once have had are no longer part of this lawsuit and her only remaining claim is for post-termination retaliation in the form of negative references. (Docket No. 36.) Accordingly, the Court will only recite the facts which are relevant to this claim.

Kaiser affirms that this call was the only contact she received from anyone seeking a recommendation for the Plaintiff. Tops' Human Resource Director, Denise Rachow, also affirms that this was the only reference request received by Tops on behalf of the Plaintiff. Plaintiff has not presented any evidence to controvert these facts. After reviewing the entire record, the Court finds that there is no evidence that any of the employers to which Plaintiff applied requested a reference from Tops. Further, there is no evidence in the record relating to the prospective employers' decisions not to hire the Plaintiff.

## **DISCUSSION**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom summary judgment is sought. See Scott v. Harris, 550 U.S. 372, 379; 127 S.Ct. 1769, 1776 (2007). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. See Scott, 550 U.S. at 379; 127 S.Ct. at 1776 (citing Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587).

The law is well established that "conclusory statements, conjecture, or speculation" are insufficient to defeat a motion for summary judgment. See Kulak v. City of New York, 88 F.3d 63, 71 (2d Cir. 1996). The nonmovant cannot survive summary judgment simply by proffering "some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), or presenting evidence that "is merely colorable, or is not significantly probative." See Savino v. City of New York, 331 F.3d 63, 71 (2d Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986) (citation omitted)). Rather, he "must set forth specific facts showing that there is a genuine issue for trial." See Anderson, 477 U.S. at 250 (quoting former Fed.R.Civ.P. 56(e)(2); see also D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998) ("non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of...events is not wholly fanciful.")

To establish a prima facie case of post-termination retaliation under the ADA, FMLA and the NYHRL, a plaintiff must show: (1) participation in a protected activity known to the defendant; (2) an adverse employment action; and (3) a causal connection between the protected activity and the adverse action. See Holt v. KMI-Continental, Inc., 95 F.3d 123, 130 (2d Cir. 1996); see also Perry v. NYSARC, 424 Fed.Appx. 23, 2011 WL 2117950 (2d

Cir. 2011)(citing <u>Holt</u> and applying the evidentiary standard developed in Title VII cases to cases under the ADA and FMLA); <u>See Weissman v. Dawn Joy Fashions, Inc.</u>, 214 F.3d 224, 234 (2d Cir. 2000)(applying the same standards to a retaliation claim under the ADA and NYHRL). Thereafter, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for its actions. <u>Holt</u>, 95 F.3d at 129. If the defendant satisfies this burden, the plaintiff must present evidence that the articulated reason was a pretext for discrimination. <u>Id</u>.

Here, Defendant argues that Plaintiff has not presented evidence of an adverse action or causation because (1) there is no evidence in the record that any prospective employer requested or received a reference (positive, negative or neutral) for the Plaintiff; and (2) there is no evidence that any prospective employer relied on a reference from the Defendant when deciding not to hire the Plaintiff. Def. Mem. of Law at 4. Plaintiff argues that the evidence she presented, that her friend, posing as an employer, called Tops and requested to speak with the pharmacy manager, Gail Kaiser, who informed her that Plaintiff was a good employee for several years and then her "personal problems spilled over into her professional life" and she began to miss work or show up late due to "personal and medical issues" is sufficient to create a material issue of fact as to whether Tops supplied negative references to actual prospective employers. Pl. Mem. of

5

Law at 9-11; Def. Rule 56.1 Statement of Undisputed Material Facts at ¶¶ 13-16. The Court finds that Plaintiff has not established an adverse action or causation and that the evidence she presents is too speculative to create a material issue of fact with respect to her claim for post-termination retaliation.

The Second Circuit in Sarno v. Douglas Elliman-Gibbons & Ives, Inc., held that "[w]here...there is no admissible evidence that the statements of the former employer caused or contributed to the rejection by the prospective employer, the plaintiff has failed to present a prima facie case." 183 F.3d 155, 160 (2d Cir. 1999). Here, Plaintiff does not present any evidence that any prospective employer contacted Tops or that any statement by Tops "caused or contributed" to a rejection by any prospective employer. The record reveals that the only reference request received by Gail Kaiser was the call from Plaintiff's friend who was posing as a prospective employer. Kaiser Aff. at ¶10. Further, Tops' Human Resource Manager confirmed that the single reference by Ms. Kaiser to Plaintiff's friend was the only reference request received by Tops on behalf of the Plaintiff. Rachow Aff. at ¶25.

Plaintiff has not produced any evidence to controvert these facts, but relies only on the evidence of the telephone inquiry made by her friend. She asks the Court to assume that because Kaiser provided negative information to her friend, posing as an employer, Tops therefore provided similar information to other,

6

actual prospective employers which explains why she was not hired. Plaintiff relies on Jute v. Hamilton Sundstrand Corp., in support of her contention that this evidence is sufficient to establish a prima facie case of retaliation. Pl. Mem. of Law at 8-9 (citing Jute, 420 F.3d 166 (2d Cir. 2005)). However, in Jute, the record was clear that a prospective employer had indeed requested a recommendation and that the defendant gave false information to this prospective employer. Further, in that case, the prospective and former employers were affiliated and the plaintiff presented circumstantial evidence that she was offered the job prior to the prospective employer having contacted the former employer. In light of these facts, the Second Circuit determined that the plaintiff could proceed with her claim even though she had not presented direct evidence that the former employer's statement contributed to her rejection.

In contrast, here, there is no evidence that any employer (except for the staged inquiry by Plaintiff's friend) contacted Tops regarding the plaintiff or that Tops provided any negative information to any employer. The fact that Plaintiff's friend contacted Tops, posing as an employer, and received negative information about the Plaintiff is insufficient to create a material issue of fact as to whether Tops gave a negative reference to a prospective employer and whether the prospective employer relied on such information when deciding not to hire the Plaintiff.

See <u>Sarno</u>, 183 F.3d at 160; <u>see also</u> <u>Noni v. County of Chautauqua</u>, 511 F.Supp.2d 355, 356-7 (W.D.N.Y. Sept. 13, 2007)(Arcara, J.)(finding that evidence of two individuals posing as prospective employers and receiving negative information about the plaintiff was insufficient to establish a prima facie case of retaliation).

Accordingly, for the reasons set forth herein, the Court finds that Plaintiff has failed to establish a prima facie case of retaliation. Therefore, Defendant's motion for summary judgment is granted and the Plaintiff's Complaint is dismissed with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

s/ Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         July 31, 2012